JUDGE SWAIN

13 CV 2715

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ADOM MARTIN,

                        Plaintiff,

                 -against-

CITY OF NEW YORK; Police Officer BRIANNE VERGANO, Shield No. 24065; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.

------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

RECEIVED APR 24 2013 U.S.D.C. S.D.N.Y. CASHIERS

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Adom Martin ("plaintiff" or "Mr. Martin") is a resident of New York County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Brianne Vergano, Shield No. 24065 ("Vergano"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Vergano is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 9:00 p.m. on August 28, 2012, plaintiff was lawfully within the vicinity the park adjacent to 131 Saint Nicholas Avenue, New York, NY.

13. Plaintiff was accompanied by his uncle and his uncle's wife, both residents at this address.

14. Defendants asked plaintiff for his identification and asked him if he lived at 131 St. Nicholas. Defendant's uncle explained that he was a resident and that his nephew was visiting.

15. Despite the fact that they had no probable cause to believe that plaintiff had committed any crimes or offenses, the officers, including defendant Vergano, placed plaintiff under arrest.

16. With plaintiff still in his pajamas they transported him to the police precinct.

17. At the precinct the officers falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff trespassing.

18. At no point did the officers observe plaintiff trespassing

19. Plaintiff was taken to New York Central Booking and was arraigned in New York County Criminal Court.

20. After approximately thirty-six hours in custody, plaintiff was released.

21. Plaintiff appeared in court approximately three times before his criminal charges were dismissed.

22. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

23. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

24. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

25. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## Unlawful Stop and Search

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

28. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

### THIRD CLAIM
### False Arrest

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

31. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### Failure To Intervene

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

34. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The individual defendants created false evidence against Plaintiff.

38. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

39. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

40. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Malicious Prosecution

41. Plaintiff repeats and realleges the foregoing.

42. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his

constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

43. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

44. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

45. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

46. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   April 23, 2013
         New York, New York

_____
Robert Marinelli
299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427

*Attorney for plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK  **13 CV 2715**

------------------------------------------------------------- x

ADOM MARTIN,

                         Plaintiff,

                         -against-

CITY OF NEW YORK; Police Officer BRIANNE VERGANO, Shield No. 24065; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                         Defendants.

**COMPLAINT**

Jury Trial Demanded

------------------------------------------------------------- x

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Adom Martin ("plaintiff" or "Mr. Martin") is a resident of New York County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Brianne Vergano, Shield No. 24065 ("Vergano"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Vergano is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 9:00 p.m. on August 28, 2012, plaintiff was lawfully within the vicinity the park adjacent to 131 Saint Nicholas Avenue, New York, NY.

13. Plaintiff was accompanied by his uncle and his uncle's wife, both residents at this address.

14. Defendants asked plaintiff for his identification and asked him if he lived at 131 St. Nicholas. Defendant's uncle explained that he was a resident and that his nephew was visiting.

15. Despite the fact that they had no probable cause to believe that plaintiff had committed any crimes or offenses, the officers, including defendant Vergano, placed plaintiff under arrest.

16. With plaintiff still in his pajamas they transported him to the police precinct.

17. At the precinct the officers falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff trespassing.

18. At no point did the officers observe plaintiff trespassing

19. Plaintiff was taken to New York Central Booking and was arraigned in New York County Criminal Court.

20. After approximately thirty-six hours in custody, plaintiff was released.

21. Plaintiff appeared in court approximately three times before his criminal charges were dismissed.

22. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

23. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

24. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

25. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## Unlawful Stop and Search

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

28. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

### THIRD CLAIM
### False Arrest

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

31. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### Failure To Intervene

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

34. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The individual defendants created false evidence against Plaintiff.

38. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

39. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

40. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Malicious Prosecution

41. Plaintiff repeats and realleges the foregoing.

42. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his

constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

43. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

44. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

45. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

46. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: April 23, 2013
New York, New York

_____
Robert Marinelli
299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427

*Attorney for plaintiff*